UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERRY KILGORE | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No.: 08-0974 (JR) |
| | * |
| HILL PARTNERS CORPORATION, INC. | * |
| et al. | * |
| | * |

**PLAINTIFF'S MOTION TO VACATE ORDER RE-STYLING CASE**

COMES NOW the Plaintiff, Sherry Kilgore, by and through undersigned counsel, and respectfully moves this Court to vacate the Order entered August 26, 2008, re-styling this action as Kilgore v. ABM Janitorial Services North Central, Inc. In support of this request the Plaintiff asserts as follows:

    1.   This matter originated in the Superior Court of the District of Columbia prior to removal to the United States District Court for the District of Columbia.

    2.   On February 25, 2008, Defendant Hill Partner Corporation ("Hill") filed its Answer to the Plaintiff's Complaint. See Plaintiff's Exhibit 1. Defendant Hill was not dismissed prior to the removal to Federal Court. Accordingly, Defendant Hill remains a proper party in this instant action.

    Wherefore, in view of the foregoing, the Plaintiff moves this Court to reinstate Defendant Hill Partner Corporation as a proper Defendant in this mater.

                    Respectfully submitted,
                    KEITH WATTERS & ASSOCIATES


                    /s/  Keith W. Watters
                    KEITH W. WATTERS [319210]
                    1667 K Street, N.W.
                    Suite 677
                    Washington, D.C.  20006
                    (202) 887-1990

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2008, a copy of the foregoing and proposed Order was served via electronic means and mailed via First Class mail, postage prepaid, to:

    David P. Bokow, Esquire
    Law offices of Guido Porcarelli
    200 International Circle, Suite 1500
    Hunt Valley, MD  21030
    Counsel for Defendant Hill Partner Corp.

    Jeffrey C. Seamen, Esquire
    Whiteford, Taylor & Preston, L.L.P.
    1025 Connecticut Avenue, N.W.
    Suite 400
    Washington, D.C.  20036-5405


                    /s/  Keith W. Watters
                    KEITH W. WATTERS

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

SHERRY KILGORE                      *
                                    *
    Plaintiff,                     *
                                    *
v.                                  * Civil Action No.: 08-0974 (JR)
                                    *
HILL PARTNERS CORPORATION, INC.     *
et al.                              *
                                    *

## ORDER

Upon consideration of the Plaintiff's Motion to Vacate the Court's Order entered August 26, 2008, re-styling this matter as *Kilgore v. ABM Janitorial Services North Central, Inc.*, and it appearing to be in the interest of justice to do so, the Plaintiff's motion is GRANTED. It is further,

ORDERED, that this case shall be styled as Sherry Kilgore v. Hill Partners Corporation, Inc.

                                        JAMES ROBERTSON
                                United States District Judge

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHERRY KILGORE<br><br>    Plaintiff<br><br>v.<br><br>HILL PARTNER CORPORATION, et al.<br><br>    Defendants | Case No. 2007 CA 007480 B<br>Calendar 2<br>Judge Maurice Ross<br>Next Event: 04/04/088<br>Scheduling Conference Hearing |

## ANSWER TO COMPLAINT

Now comes the Defendant, Hill Partner Corporation, by and through its attorneys, David P. Bokow and the Law Offices of Guido Porcarelli and in Answer to the Complaint filed by Sherry Kilgore and states as follows:

1. Defendant, Hill Partner Corporation, admits the allegations contained in paragraph 1.

2. Defendant, Hill Partner Corporation, is without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies the same and requires strict proof thereof.

3. Defendant, Hill Partner Corporation, admits the allegations contained in paragraph 3.

4. Defendant, Hill Partner Corporation, admits the allegations contained in paragraph 4.

5. Defendant, Hill Partner Corporation, is without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies the same and requires strict proof thereof.

EXHIBIT 1

6. Defendant, Hill Partner Corporation, is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies the same and requires strict proof thereof.

7. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 7.

8. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 8.

9. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 9.

10. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 10.

11. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 11.

12. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 12.

13. Defendant, Hill Partner Corporation, denies the allegations contained in paragraph 13.

## FIRST DEFENSE

Plaintiff's claims should be dismissed for failure to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## FOURTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

The Plaintiff's claims and entitlement to damages are barred from recovery by the doctrine of waiver and estoppel.

## SIXTH DEFENSE

This Defendant contends that the injuries, damages or losses allegedly received by the Plaintiff were caused by the acts of third persons over whom the Defendant had no control.

## SEVENTH DEFENSE

This Defendant contends that the injuries, damages or losses allegedly received by Plaintiff are not causally related to any act of or failure to act by the Defendant.

## EIGHTH DEFENSE

This Defendant affirmatively avers and asserts that the Plaintiff's claims are barred by the doctrine of lack of notice.

## NINTH DEFENSE

This Defendant asserts that Plaintiff has failed to mitigate her damages.

## TENTH DEFENSE

The mere happening of an accident does not prove negligence on the part of the Defendant.

## ELEVENTH DEFENSE

All allegations not specifically admitted are hereby denied and strict proof thereof is hereby demanded.

## TWELFTH DEFENSE

This Defendant reserves the right to assert any and all other defenses, both legal and equitable, that may be available to it based upon the evidence adduced prior to or during any trial of this matter; and further reserves the right to amend its Answer should additional defenses or claims become available based upon the evidence adduced prior to or during any trial of this matter.

WHEREFORE, Defendant, Hill Partner Corporation, respectfully prays that judgment on the Complaint be entered against the Plaintiff and in favor of Defendant, Hill Partner Corporation, in all respects; that this action be dismissed, with prejudice; and that Defendant, Hill Partner Corporation, be awarded its costs, including attorney's fees, and such other, further and additional relief as the Court may deem just and proper in the premises.

Respectfully submitted,

/s/ David P. Bokow
David P. Bokow
D.C. Bar#: 389314
Law Offices of Guido Porcarelli
200 International Circle, Suite 1500
Hunt Valley, Maryland 21030
(410) 568-2899
E-mail Address:
David.Bokow@Thehartford.com
Attorney for Defendant,
Hill Partner Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 25th day of February, 2008, a copy of the foregoing Answer to Complaint was electronically filed and serviced via same to:

Keith Winston Watters, Esquire
1667 K Street, NW
Suite 677
Washington, DC  20006
*Attorney for Plaintiff*

/s/ David P. Bokow
David P. Bokow